UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:20-cr-102-SPC-NPM

ROSITA VILCHEZ

_____

### **ORDER**[1]

Before the Court is pro se Defendant Rosita Vilchez's Motion for Early Termination of Remaining Term of Supervised Release (Doc. 5), along with the Government's opposition (Doc. 8) and Vilchez's reply (Doc. 9).[2]  For the below reasons, the motion is denied.

In December 2015, another federal judge sentenced Vilchez to 66 months' imprisonment and 5 years' supervised release for conspiracy to commit bank and mail fraud.  (Doc. 1-3 at 2).  She was also jointly and severally liable with her codefendants for a $16 million restitution bill.  (Doc. 1-3 at 7).

Vilchez has served her prison term and is on supervised release under this Court's jurisdiction until July 8, 2023.  (Doc. 1).  But Vilchez wants the

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Vilchez filed the reply without the Court's permission in violation of Local Rule 3.01(d).  Because of her pro se status, the Court will consider the reply.  But Vilchez should not expect such leniency in the future.  The Court expects Vilchez to follow the Local Rules despite appearing without an attorney.

supervised release to end now—two years early.  As grounds, she claims she is a low-risk offender with gainful employment and a stable home.  Vilchez also says that she has never violated the conditions of her release and forcing her to stay on supervised release is unfairly extending her punishment.  The Government and the United States Probation Office oppose early termination because of Vilchez's role in the conspiracy and amount of outstanding restitution.  (Doc. 8).

After considering certain factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are:

- nature and circumstances of the offense and the history and characteristics of the defendant

- need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from the defendant's future crimes, and provide the defendant with correctional treatment

- applicable guidelines range

- Sentencing Commission's policy statements
- need to avoid unwarranted sentencing disparities

- need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). It is within a court's discretion to grant early termination of supervised release. *See United States v. McClamma*, 548 F. App'x 598, 599 (11th Cir. 2013).

After considering the parties' arguments, record, and applicable law, the Court will not end Vilchez's term of supervised release for two reasons. First, the § 3553(a) factors weigh against early termination. The Court cannot overlook the seriousness of Vilchez's offense. She led and organized an elaborate mortgage fraud scheme to swindle banks of nearly $16 million. She owned and operated a real estate agency that solicited prospective home buyers who neither spoke English nor understood the mortgage loan process. Vilchez prepared loan applications for these buyers and included false employment and income information so they would qualify for mortgages. To further her conspiracy, Vilchez opened a mortgage loan brokerage business and created a real estate title insurance company. She submitted over 500 fraudulent loan transactions, earning commissions and fees each time. Her conduct earned her a five-level enhancement for her role in the conspiracy and a guidelines range of 151 to 188 months' imprisonment. Yet, despite that high guidelines range, Vilchez was sentenced only to 66 months' imprisonment. So also cutting her supervised release by nearly half neither affords deterrence to criminal conduct nor reflects the nature of her offense.

What is more, a special condition of Vilchez's supervised release is that she pay nearly $16 million in restitution. A fraction has been paid. (Doc. 8 at 7). Granting her early termination would make it easier for her not to pay back her victims. Even if Vilchez doesn't have the financial means to pay all the restitution, it is in the best interest of justice that she stays on supervised release so payments are monitored.

Second, Vilchez's conduct does not warrant early termination. Although she made some restitution payments and never violated the terms of her conditions, such conduct is expected. Her compliant behavior does not entitle her to an early out. There is simply nothing extraordinary about Vilchez following the Court's orders.

For all the above reasons, Vilchez must complete her 5-year term of supervised release. This result is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Accordingly, it is now **ORDERED:**

Defendant Rosita Vilchez's Motion for Early Termination of Supervised Release (Doc. 5) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 7, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4